**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

**AUG 1 1 2008**

**JAMES N. HATTEN, CLERK**
By:
Deputy Clerk

| | |
|---|---|
| LESTER BUCHAN and JANICE BUCHAN, | : |
| Plaintiffs, | : |
| v. | : |
| GC SERVICES LIMITED PARTNERSHIP, a Delaware partnership, | : |
| Defendant. | : |

CIVIL ACTION FILE

NO. **1:08-CV-2581**

**BBM**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.  This is an action for damages against the defendant for violations of the

    Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and

    supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

    1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and decide any related State law issues.


## PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

5.      Defendant, GC SERVICES LIMITED PARTNERSHIP, is a limited

partnership formed under the laws of the State of Delaware with its

principle place of business in Texas.  [Hereinafter, said Defendant is

referred to as "GC SERVICES."]

6.      GC SERVICES is subject to the jurisdiction and venue of this Court.

7.      GC SERVICES may be served by personal service upon its registered agent

in Georgia, to wit: C T Corporation System, 1201 Peachtree Street NE,

Atlanta, Georgia, 30361.

8.      Alternatively, GC SERVICES may be served by personal or substitute

service pursuant to the Federal Rules of Civil Procedure and, as applicable,

the laws of the states of Georgia, Texas or Delaware.

## FACTS COMMON TO ALL CAUSES

9.     GC SERVICES uses the mails in its business.

10.    GC SERVICES uses telephone communications in its business.

11.    The principle purpose of GC SERVICES's business is the collection of

       debts.

12.    GC SERVICES regularly collects or attempts to collect debts owed or due,

       or asserted to be owed or due, another.

13.    GC SERVICES is a debt collector subject to the provisions of the Fair Debt

       Collection Practices Act.

14.    In the course of attempting to collect a debt allegedly due from Plaintiff to a

       business not a party to this litigation, GC SERVICES communicated with

       Plaintiff in a manner which violated the Federal Fair Debt Collection

       Practices Act.

15.    In or around June 2008, an agent of GC SERVICES left a series of voice

       messages for Plaintiff requesting a return call.

16.    The calls were made by an agent of GC SERVICES located in Texas.

17.   In the June 2008 telephone messages, GC SERVICE's caller did not state the company she worked for or otherwise provide meaningful disclosure of the caller's identity.

18.   In the June 2008 telephone messages, GC SERVICE's caller did not state that the communications were from a debt collector.

19.   In the June 2008 telephone messages, GC SERVICE's caller did not state that the communications were an attempt to collect a debt.

20.   Defendant's communications violate the Fair Debt Collection Practices Act.

21.   Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

22.   The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23.   Defendant's violations of the FDCPA include, but are not limited to, the following:

24.     The placement of telephone calls without meaningful disclosure of

the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25.     The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e; and

26.     The failure to provide disclosures, including (but not limited

to) the disclosures that the communication is from a debt

collector, in violation of 15 U.S.C. § 1692e(11).

27.     As a result of Defendant's actions, Plaintiff is entitled to an award of

general and statutory damages, as well as an award of costs and attorney

fees.

## COUNT TWO: TEXAS FINANCE CODE

28.     Defendant's violations of the Texas Finance Code include, but are not

limited to, the following:

29.     Failing to state in the recorded telephone messages that each of the

communications was an attempt to collect a debt and that any

information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

30.     Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

31.     Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, §  392.304(19).

32.  As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)     That Plaintiff be awarded actual, general, statutory, treble and exemplary damages;

b)     That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

- 6 -

c)      That the Court declare each and every defense raised by Defendant to be insufficient; and

d)      That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com

- 7 -